IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIGUEL AGUILAR,
as Personal Representative of
THE ESTATE OF JAVIER AGUILAR

       Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　　　　　　CIV 09-0771-JCH-GBW

CITY OF ROSWELL, a New Mexico
Municipality; SCOTT DOUGLASS,
RICK D. HENDRICKS, SCOTT
HENDRIX, ALBERT J. PADILLA,
JIMMY G. PRESTON, TRAVIS D.
HOLLEY, ALLISON HERRING,
RACHEL SERGEANT, CHRISTINA
HERNANDEZ, JANE DOES I AND II,
Individually and as agents and
employees of the City of Roswell,

       Defendants.

## ORDER GRANTING JURY TRIAL

THIS MATTER came before the Court on the Plaintiff's Motion for Jury Trial, which was filed on November 30, 2009, pursuant to Federal Rule of Civil Procedure 39(b). *Doc. 26.* Briefing on the matter was completed on December 17, 2009. *Doc. 34.* Having considered the pleadings and the applicable authorities, the Court concludes that the Motion is well-taken and will be granted.

This case involves claims of excessive use of force resulting in the death of Javier

Aguilar.  Plaintiff's Complaint was filed on August 10, 2009.  *Doc. 1.*  The Complaint did not contain a jury demand, and neither plaintiff nor any Defendants filed a jury demand pursuant to Federal Rule of Civil Procedure 38(b).  On the cover sheet submitted to the court when Plaintiff filed his Complaint, however, Plaintiff had checked the box indicating that a jury demand had been made.[1]  *Doc. 7.*  On November 29, 2009, during communications related to the submission of the mandated Joint Status Report and Provisional Discovery Plan, Plaintiff realized his failure to make a jury demand in his Complaint.  *Doc. 26* at 2.  The next day, Plaintiff filed the instant motion.

Rule 39(b) provides that "[i]ssues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."  FED. R. CIV. P. 39(b).  The parties do not dispute that the issues in this case are such that Plaintiff could have demanded a jury trial as of right had such a demand been made in a timely fashion under Rule 38.  Therefore, the issue in this case is whether the Court should exercise its discretion under Rule 39(b) to grant Plaintiff a jury trial.

The Tenth Circuit Court of Appeals has laid out the applicable standard as such:

---

[1] The preprinted cover sheet form includes a section labeled "JURY DEMAND," containing smaller boxes labeled "YES" and "NO."  Above the boxes is written, "Check YES only if demanded in complaint."  Plaintiff checked the box labeled "YES," although he had not demanded a jury in his Complaint.

"when exercising its discretion under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *AMF Tuboscope, Inc. v. Cunningham*, 352 F.2d 150, 155 (10th Cir. 1965) (citations and quotations omitted). This standard is based on the recognition that the "constitutional right to a jury trial under the Seventh Amendment is a fundamental right and the federal policy favoring jury trials is of historic and continuing strength." *Id.* (citations and quotations omitted).

In their Response, Defendants have provided no "strong and compelling reasons" to deny the Motion. Defendants point to no prejudice they have suffered as a result of Plaintiff's 81-day delay in requesting a jury trial. The lack of such a claim is unsurprising given that, despite the delay, the jury request was still made before the Court had even set discovery or other pre-trial deadlines. Defendants primarily rely on the fact the Plaintiff's failure to make a timely jury demand resulted from "nothing more than mere inadvertence." Defendants cite to cases in which a trial court's decision to deny a late jury request resulting from mere inadvertence was upheld on an "abuse of discretion" standard. *Doc. 32* at 2-3 (citing *Dill v. City of Edmond*, 155 F.3d 1193 (10th Cir. 1998) and *Nissan Motor Corp. in U.S.A. v. Burciaga*, 982 F.2d 408 (10th Cir. 1992)). However, those cases do not stand for the proposition that a late jury request must be denied if it results from mere inadvertence.[2] First, the facts in both are distinguishable because in each the delays in the

---

[2] Plaintiff claims that "[t]his is clearly not a situation of mere inadvertence." Plaintiff, however, does not explain what then did lead to the failure to request a jury trial under Rule 38. Consequently, the Court finds the failure in this case was mere

jury requests were much longer than in the instant case.[3]  Second, while the reviewing courts did not find the denials of jury requests in *Dill* or *Burciaga* to be abuses of discretion, there were no indications that granting those requests would have been either.

In the end, there are simply no "strong and compelling reasons" to deny the Motion. The delay in requesting the jury trial was relatively short.  There is no significant prejudice to Defendants in granting a jury trial at this stage in the proceeding.  Granting a jury trial will not result in any disruption for the court given that no trial date has been set and would not be held for at least nine months.

WHEREFORE,

Plaintiff's Motion for Jury Trial is hereby granted.

_____
UNITED STATES MAGISTRATE JUDGE

---

inadvertence.  Nonetheless, as explained herein, this finding does not mean that the jury trial request must or should be denied.

[3]  In *Dill*, the plaintiff waited a year and a half from the filing of the complaint to request a jury trial.  155 F.3d at 1208.  In *Burciaga*, the plaintiff waited more than two years.  982 F.2d at 409.